MIDDLETON, YOUNG & MINNEY, LLP
PAUL C. MINNEY, SBN 166989
ANDREW G. MINNEY, SBN 202000
MICHAEL E. HERSHER, SBN 84135
701 University Ave. Suite 150
Sacramento, CA 95825
Telephone: (916) 646-1400
Facsimile: (916) 646-1300

*Attorneys for Defendant*
*K12, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBY J. OVITSKY, and DOES 1-10<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, LOS ANGELES POLICE DEPARTMENT, COUNTY OF LOS ANGELES DEPARTMENT OF MENTAL HEALTH, COUNTY OF LOS ANGELES CHILD AND FAMILY SERVICES, K12.COM dba K12, INC. dba CALIFORNIA VIRTUAL ACADEMY dba CAVA, dba DELAWARE K12 INC., and ROES 1 through 10, inclusive, | Case No. CV11 010142 DMG JCGx<br><br>**ANSWER TO COMPLAINT** |

Defendant K12, Inc. (hereinafter "answering Defendant") answers the Complaint in the above-entitled civil action as follows:

1. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 1 and 2 of the Complaint and, on that basis, denies those allegations.

2. Defendant admits the allegation in Paragraph 3 that it is a for-profit corporation and denies each and every other allegation in that Paragraph.

3. Defendant lacks information and belief as to the truth or falsity of the

allegations in Paragraphs 4 and 5 of the Complaint and, on that basis, denies those allegations.

4. Paragraph 6 of the Complaint cites provisions of federal law which speak for themselves.

5. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 7 through 69 of the Complaint and, on that basis, denies those allegations, except to the extent that the Complaint cites to provisions of law which speak for themselves.

6. Defendant admits the allegation in Paragraph 70 of the Complaint that it is a corporation registered to do business in the State of California and denies each and every other allegation in that Paragraph.

7. Defendant admits the allegations in Paragraphs 71 through 74 of the Complaint.

8. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 75 and 76 of the Complaint and, on that basis, denies those allegations.

9. Defendant denies the allegation in Paragraph 77 of the Complaint that K12 operates as a state licensed charter school in California. Defendant lacks information and belief as to the truth or falsity of the other allegations in Paragraph 77 of the Complaint and, on that basis, denies those allegations.

10. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 78 through 82 of the Complaint and, on that basis, denies

MIDDLETON, YOUNG &
MINNEY LLP
701 UNIVERSITY AVENUE
SUITE 150
SACRAMENTO, CA 95825

ANSWER TO COMPLAINT
2

those allegations.

11. Defendant denies the allegation in Paragraph 83 of the Complaint that K12 operates as a school in which Plaintiff's son was re-enrolled in January 2009. Defendant lacks information and belief as to the truth or falsity of the other allegations in Paragraph 83 of the Complaint and, on that basis, denies those allegations.

12. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 84 through 87 of the Complaint and, on that basis, denies those allegations.

13. Defendant denies the allegation in Paragraph 88 of the Complaint that K12 operates as a school in which Plaintiff tried to re-enroll her son in January 2011. Defendant lacks information and belief as to the truth or falsity of the other allegations in Paragraph 88 of the Complaint and, on that basis, denies those allegations.

14. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 89 through 92 of the Complaint and, on that basis, denies those allegations.

15. Defendant denies the allegation in Paragraph 93 that it denied either Plaintiff or her son any rights to which they were entitled. Defendant lacks information and belief as to the truth or falsity of the other allegations in Paragraph 93 of the Complaint and, on that basis, denies those allegations.

16. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 94 through 96 of the Complaint and, on that basis, denies

those allegations.

17. Defendant denies the allegation in Paragraphs 97 and 98 of the Complaint.

18. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 99 and 110 of the Complaint and, on that basis, denies those allegations.

19. In answering Paragraph 111 of the Complaint, Defendant incorporates its answers to Paragraphs 1 through 110 as if fully set forth herein.

20. Defendant lacks information and belief as to the truth or falsity of the allegations in Paragraphs 112 and 113 of the Complaint and, on that basis, denies those allegations.

21. Defendant denies the allegation in Paragraph 114 of the Complaint.

22. With regard to the statutory citations in Paragraphs 115 and 116 of the Complaint, the law speaks for itself. Defendant lacks information and belief as to the truth or falsity of the other allegations in Paragraphs 115 and 116 of the Complaint and, on that basis, denies those allegations.

23. Defendant denies the allegation in Paragraphs 117 and 118 of the Complaint.

24. Defendant lacks information and belief as to the truth or falsity of the other allegations in Paragraphs 119 through 122 of the Complaint and, on that basis, denies those allegations.

25. Defendant denies the allegations in the Prayer for Relief that Plaintiff is entitled to any relief in this matter.

MIDDLETON, YOUNG &
MINNEY LLP
701 UNIVERSITY AVENUE
SUITE 150
SACRAMENTO, CA 95825

ANSWER TO COMPLAINT
4

## FOR A FIRST DEFENSE TO SAID ACTION,

## ANSWERING DEFENDANT ALLEGES:

That Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against answering Defendant.

## FOR A SECOND DEFENSE TO SAID ACTION,

## ANSWERING DEFENDANT ALLEGES:

That other persons and entities, not parties to this lawsuit, were themselves responsible for Plaintiff's damages, if any there were. Answering Defendant requests that its liability, if any, be assessed in proportion to the liability of other co-Defendants, cross-Defendant, third persons and entities who are not parties to this action, and that Defendant be required to pay only for its proportionate share of fault, if any there be.

## FOR A THIRD DEFENSE TO SAID ACTION,
## ANSWERING DEFENDANT ALLEGES:

That Plaintiff is estopped by action of law or by conduct from maintaining the action filed in this case under the equitable doctrine of collateral estoppel.

## FOR A FOURTH DEFENSE TO SAID ACTION,
## ANSWERING DEFENDANT ALLEGES:

That the Plaintiff, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the complaint, if indeed any there are; that the resultant damages, if any, complained of in said complaint were

MIDDLETON, YOUNG &
MINNEY LLP
701 UNIVERSITY AVENUE
SUITE 150
SACRAMENTO, CA 95825

ANSWER TO COMPLAINT
5

directly and proximately caused by the failure, negligence and refusal of the Plaintiff to exercise reasonable diligence in an effort to mitigate the damages alleged.

### FOR A FIFTH DEFENSE TO SAID ACTION,
### ANSWERING DEFENDANT ALLEGES:

That answering Defendant is not subject to the provisions of the Cal. Education Code, with very limited exceptions, pursuant to, among other things, Cal. Education Code §47610, aka the "Mega Waiver". Accordingly, Answering Defendant is not liable for any cause of action based on the Education Code.

### FOR AN SIXTH DEFENSE TO SAID ACTION,
### ANSWERING DEFENDANT ALLEGES:

This complaint, and each cause of action thereof, is barred by virtue of Plaintiff's conduct in causing the damages alleged by Plaintiff under the doctrine of unclean hands.

### FOR A SEVENTH DEFENSE TO SAID ACTION,
### ANSWERING DEFENDANT ALLEGES:

Prior to the commencement of this action, answering Defendant duly performed, satisfied, and discharged all duties and obligations it may have owed to the Plaintiff arising out of any and all agreements, representations, or contracts made by or on behalf of answering Defendant, and this action is therefore barred by the provisions of California Civil Code § 1473.

MIDDLETON, YOUNG &
MINNEY LLP
701 UNIVERSITY AVENUE
SUITE 150
SACRAMENTO, CA 95825

ANSWER TO COMPLAINT
6

## FOR AN EIGHTH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

This complaint, and each cause of action thereof, fails to state a cause of action against answering Defendant, as there is no privity between the Plaintiff and answering Defendant.

## FOR A NINTH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FOR A TENTH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

That Plaintiff's allegations and prayer for punitive damages are barred by Cal. Gov. Code § 818.

## FOR AN ELEVENTH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

If, and to the extent, any other party to this action is found to be liable to the Plaintiff, such liability will attach by reason of the active and primary negligence, misconduct, fault, or error of the other party or third person and that any such negligence, misconduct, fault, or error bars Plaintiff from seeking damages and/or indemnity from answering Defendant who denies any negligence, fault, or misconduct on its part.

**FOR A TWELFTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

As to each and every cause of action set forth in the complaint, that to the extent, and only in the event, that they are found liable to Plaintiff in any sum whatsoever, which liability they expressly deny and dispute, such liability in whole or in part will be the direct or imputed fault and responsibility of other parties to this litigation, be they the Plaintiff, Cross-Complainants or Cross-Defendants, and/or other third parties. As a result, Defendant requests that in such an event, an apportionment of fault and responsibility be made among all parties in accordance with those equitable apportionment principles set forth in <u>Li v. Yellow Cab Company</u> 13 Cal.3d 84 and <u>American Motorcycle Association v. Superior Court</u> 20 Cal.3d 578. Defendant further requests that a judgment and declaration of total or partial indemnification and distribution issue against all other parties in accordance with such apportionment of fault and responsibility.

**FOR A THIRTEENTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That Defendant's liability for damages, if any, is ultimately established, should be reduced pursuant to the provisions of Civil Code §§ 1431, 1431.1, 1431.2, 1431.5, 1432.

**FOR A FOURTEENTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That Plaintiff has waived any and all claims, causes of action and rights against answering Defendant, by virtue of her conduct in the matters alleged in the complaint.

**FOR A FIFTEENTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That if Plaintiff was injured in the manner set forth in the complaint, Defendant is informed and believes and thereon allege that Plaintiff was negligent in the matters set forth in her complaint, and negligently conducted herself in a manner so as cause her injuries. Said negligent conduct of Plaintiff proximately caused and contributed to said incidents, injuries and damages, if any, alleged by Plaintiff.

**FOR A SIXTEENTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That any acts or omissions alleged in the complaint, if any, which alleged acts or omissions are generally and specifically denied herein, did not constitute the legal and/or proximate cause of any loss allegedly sustained by Plaintiff, which loss is also generally and specifically denied by Defendant.

**FOR A SEVENTEENTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That, at all times mentioned in Plaintiff's complaint, answering Defendant acted in good faith, and accordingly, Plaintiff's claims are barred.

## FOR AN EIGHTEENTH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

This complaint, and each cause of action thereof, fails to state a cause of action against answering Defendant, as there is no special relationship between Plaintiff and answering Defendant.

## FOR A NINETEENTH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

That Plaintiff failed to perform obligations which were not excused and is thus not entitled to any relief sought in the complaint.

## FOR A TWENTIETH DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

That Plaintiff has failed to state facts sufficient to support an award of punitive and/or exemplary damages against answering Defendant.

## FOR A TWENTY-FIRST DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

Plaintiff's claims are barred and estopped in whole or in part by the doctrine of laches.

## FOR A TWENTY-SECOND DEFENSE TO SAID ACTION, ANSWERING DEFENDANT ALLEGES:

That all of Plaintiff's causes of action alleged in the complaint are barred by the applicable statute of limitations, as found in the California Code of Civil Procedure.

**FOR A TWENTY-THIRD DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

The answering Defendant is informed and believes and thereon alleges Plaintiff did not rely upon any representations made by Defendant, and therefore, any injuries, losses, or damages complained of by Plaintiff, if any, were not occasioned by any representations made by this Defendant.

**FOR A TWENTY-FOURTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That Plaintiff failed and continues to fail to adhere to the applicable claims statutes, including but not limited to Cal. Gov. Code §§900 et seq.

**FOR A TWENTY-FIFTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

This complaint, and each cause of action thereof, fails to state a cause of action against answering Defendant, since answering Defendant does not operate as a charter school in which Plaintiff enrolled her son.

**FOR A TWENTY-SIXTH DEFENSE TO SAID ACTION,**

**ANSWERING DEFENDANT ALLEGES:**

That Plaintiff has failed to exhaust mandatory administrative remedies such that none of Plaintiff's claims are ripe for judicial intervention.

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint, and that judgment be entered in favor of Defendant, including the award of

Defendant's attorneys' fees and costs of suit incurred herein.

Dated: February 8, 2012            Respectfully submitted,

                                             **MIDDLETON, YOUNG & MINNEY, LLP**
                                             MICHAEL E. HERSHER

                                             By: /s/ Michael E. Hersher
                                                   Michael E. Hersher
                                                   *Attorneys for Defendant* K12, Inc.

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 701 University Avenue, Suite 150, Sacramento, California 95825.

On the date set forth below, I served the foregoing document described as: **ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]   **(VIA U.S. MAIL)** I caused such document to be placed in the U.S. Mail at Sacramento, California with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **(VIA ELECTRONIC SERVICE)** I electronically served the above-referenced document(s) through CM/ECF File and Serve.  E-service in this action was completed on all parties listed on the service list with CM/ECF File and Serve.  This service complies with the court's order in this case.

[ ]   **(VIA ELECTRONIC MAIL)** I caused such document to be transmitted via e-mail to the addressee_____ from the e-mail address of besperanca@mymlaw.com.

[ ]   **(VIA EXPRESS MAIL)** I caused such envelope to be deposited at an authorized "drop off" box on that same day with delivery fees fully provided for at 701 University Avenue, Suite 150, Sacramento, California 95825, in the ordinary course of business.

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on February 8, 2012 at Sacramento, California.

　　/s/ Bonnie Esperanca
Bonnie Esperanca
An Employee of
MIDDLETON, YOUNG & MINNEY, LLP

**PROOF OF SERVICE**　　　　　　　　　　1

2

## PROOF OF SERVICE LIST

Abby J. Ovitsky, Plaintiff In Pro Se
6900 195th SW Avenue, #133
Beaverton, OR 97007-5539
abby@parentadvocate.org

Telephone: (503)207-0208
Facsimile: (866)276-7691